**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BROADMOORE GOLF CLUB, LC and TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-11-556-M |
| E-Z-GO, A DIVISION OF TEXTRON INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

This case is scheduled for trial on the Court's January 2013 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed October 1, 2012. On October 29, 2012, plaintiff Broadmoore Golf Club, LC ("Broadmoore") filed its response, and on November 15, 2012, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

On July 1, 2009, a fire occurred at Broadmoore's golf facility in Moore, Oklahoma. Broadmoore alleges that the fire destroyed one of the buildings at the golf facility.[1] Broadmoore contends that the fire was caused by a RXV gas powered golf cart ("Golf Cart") manufactured by defendant. Plaintiffs have brought claims against defendant for products liability and negligence. Defendant has now moved for summary judgment in its favor.

---

[1] Specifically, the fire destroyed a commercial building occupied as a golf cart parking facility, snack bar, and golf pro shop.

II.    Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

   A.   Products Liability Claim

To prevail on a products liability claim, a plaintiff must establish the following three elements: (1) that the product was the cause of the injury; (2) that the defect existed in the product at the time it left the manufacturer, retailer, or supplier's possession and control; and (3) that the defect made the product unreasonably dangerous to him or his property. *See Kirkland v. Gen. Motors Corp.*, 521 P.2d 1353, 1363 (Okla. 1974).

Regarding causation, the Oklahoma Supreme Court has held that "[a] manufacturer's products liability plaintiff need not exclude all other possible conclusions. However, the mere possibility that a defect caused the injury is not sufficient." *Dutsch v. Sea Ray Boats, Inc.*, 845 P.2d 187, 191 (Okla. 1992). The Oklahoma Supreme Court has further held that the mere happening of an accident does not raise any presumption of defectiveness in the product involved in the accident. *Kirkland*, 521 P.2d at 1363. Additionally, "[p]roper expert opinion of the defect and its existence at time of injury may suffice, but expert opinion should not evade the factual determination of the proofs . . . to be borne by the Plaintiff." *Id.* Finally,

> [t]he practicing lawyer identified with the Plaintiff will seldom be able to produce actual or absolute proof of the defect so necessary in manufacturers' products liability since this information in the final analysis is usually within the peculiar possession of the Defendant. Carefully prepared interrogatories or depositions may be helpful to a Plaintiff, but more than likely Plaintiff may be forced to rely on circumstances and proper inferences drawn therefrom in making his proof. We note that in some accidents the surrounding circumstances and human experience should make Plaintiff's burden less arduous; he may be able to sustain his burden, but more than likely if the Defendant is a manufacturer or assembler of some highly complex product such as an automobile, human experience will play little or no part in reducing his burden, and he will be relying upon the inference drawn from circumstantial evidence.

*Id.* at 1363-64.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds plaintiffs have not set forth sufficient evidence to establish their products liability claim. Specifically, the Court finds that plaintiffs have not set forth sufficient evidence that the Golf Cart was the cause of the fire. Richard Taylor, plaintiffs' expert regarding the origin and cause of the fire, has not rendered any definitive conclusion that the Golf Cart was

the cause of the fire. In his expert report, Mr. Taylor concludes that "[t]he area of origin was located in the southwest corner of the parking alcove that was located at the south end of the basement golf cart parking facility," and that "[t]he fire involved the golf cart parked in this corner and then spread upward and laterally from this corner, involving much of this room and spreading into the basement hallway." Expert Report of Richard Taylor at p. 29-30, attached as Exhibit 2 to Broadmoore's Objection to Defendant's Motion for Summary Judgment. Additionally, in his deposition, Mr. Taylor testified that he was not going to testify, in any way, shape, or form that the Golf Cart started the fire. *See* Deposition of Richard Taylor at p. 109, ln. 14-17, attached as Exhibit 3 to Broadmoore's Objection to Defendant's Motion for Summary Judgment.

Further, Daniel Wells, plaintiffs' expert who was retained to examine the Golf Cart and determine whether it was the cause of the fire, determined that the Golf Cart was so badly damaged by the fire that he could not determine the precise defect that caused the fire. In his report, and in reaching his opinions, Mr. Wells relied upon a determination that the area of origin of the fire was the back quarter section on the driver's side of the Golf Cart, allegedly reached by Mr. Taylor and Jeff Lindsey, the Moore Fire Marshall. However, Broadmoore has presented no evidence that any such determination was ever made.

While it is appropriate for a plaintiff to rely on circumstantial evidence in order to prove its products liability claim, in the case at bar, plaintiffs are relying on the same circumstantial evidence to prove all three required elements of their products liability claim. This seems to this Court to be tantamount to saying that the mere fact that there was a fire in the area of the Golf Cart proves or raises a presumption that the Golf Cart was defective at the time it left defendant's possession and control, that the Golf Cart was unreasonably dangerous, and that the Golf Cart was the cause of the

fire. The Court finds the fact that a fire started in the area where the Golf Cart was located, by itself, is simply insufficient to establish all of the required elements.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiffs' products liability claim.

### B.   Negligence Claim

To prevail on a negligence claim, a plaintiff must establish the following three elements: "1) a duty on the part of the defendant to protect the plaintiff from injury; 2) the failure of the defendant to perform that duty; and 3) injury to the plaintiff resulting from such failure." *Woods v. Fruehauf Trailer Corp.*, 765 P.2d 770, 775 (Okla. 1988). Defendant asserts that plaintiffs' inability to prove a products liability claim also means that plaintiffs have failed to prove the essential elements of negligence. Having carefully reviewed the parties' briefs and evidentiary submissions, and viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, and for the reasons set forth in Section III.A., the Court finds that plaintiffs have not set forth sufficient evidence to establish their negligence claim. Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiffs' negligence claim.

## IV.   Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion for Summary Judgment [docket no. 41].

**IT IS SO ORDERED this 19th day of December, 2012.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE